UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA
        Plaintiff,

v.                                                                             C.A. No. 09-607-ML

MICHAEL BRIER, JEFFREY SROUFE,
ESTHER SANTIAGO, CARMEN MIRANDA,
MARIA CAROLINE HALOG, CRISELYN RIVERA,
NINTZA BENITEZ, REFUNDS NOW, INC., RNTS, INC. (a/k/a
REFUNDS NOW TAX SERVICE, INC.),
FTIRS, INC., POTIRS, INC., IHIRS, INC.,
        Defendants.

## MEMORANDUM AND ORDER

This matter is before the Court on the Government's "[e]mergency [m]otion" to hold Defendants Michael Brier, ("Brier") Jeffrey Sroufe, Refunds Now, Inc., FTIRS, Inc., POTIRS, Inc., and IHIRS, Inc. (collectively "Defendants") in contempt of this Court's November 5, 2010, preliminary injunction. See United States' Emergency Motion to Hold Michael Brier, Jeffrey Sroufe, Refunds Now, Inc., RNTS, Inc. (a/k/a Refunds Now Tax Service, Inc.), FTIRS, Inc., POTIRS, Inc., and IHIRS, Inc. in Contempt at 1. That order, among other things, enjoined Defendants from preparing, filing, or assisting in the preparing and filing, of federal income tax returns and from engaging in other conduct subject to penalty under the Internal Revenue Code.

### I. The Government's "Emergency Motion"

On January 18, 2011, the Government filed an "emergency motion" requesting that the Court issue an order requiring Defendants to show cause why they should not be held in

1

contempt for their failure to comply with the Court's November 5, 2010, preliminary injunction.[1] See United States' Emergency Motion to Hold Michael Brier, Jeffrey Sroufe, Refunds Now, Inc., RNTS, Inc. (a/k/a Refunds Now Tax Service, Inc.), FTIRS, Inc., POTIRS, Inc., and IHIRS, Inc. in Contempt at 1. In its memorandum in support of the motion, the Government alleged that Defendants had violated the Court's order by continuing to act as federal income tax return preparers and by attempting to secure electronic filing identification numbers. In support of these allegations, the Government referred to affidavits of Internal Revenue Agents attached to the motion and to the Government's response to Defendants' motion to sell assets.

On January 31, 2011, this Court held a hearing on the Government's motion. At the start of the hearing, counsel for Defendants announced to the Court that he wanted to make a "statement" which he "hop[ed] [would] resolve some of the[] issues, if not all of them[.]" January 31, 2011, Transcript at 4 ("Transcript") (Docket No. 60). Counsel for Defendants informed the Court that Defendants were withdrawing their appeal of the November 5, 2010, preliminary injunction. Further Defendants had agreed that the preliminary injunction would become permanent without any further proceedings. Defense counsel also conceded that the Defendants were in "technical contempt" of the November 5 order. Id. at 6. Because it was unclear precisely what conduct Defendants were admitting, the Government chose to move forward with the contempt hearing. During the hearing, the Government called two witnesses: IRS agents Kenneth Cournoyer and Christine Stone ("Stone"). Defendants called Brier.

---

[1] As noted, the motion asks for an order requiring Defendants to show cause why they should not be held in contempt for their failure to comply with the preliminary injunction. The memorandum in support of the motion, however, asks that the Court find Defendants in contempt. At the contempt hearing, the Government clarified that it was seeking a contempt finding from the Court.

## II. Analysis

"Generally, a court may impose civil contempt sanctions pursuant to the minimal procedures of notice and an opportunity to be heard. . . ." United States v. Winter, 70 F.3d 655, 661 (1st Cir. 1995). The Government bears the burden of showing that (1) the alleged contemnor had notice that he was "within the order's ambit," (2) that the order was "clear and unambiguous," (3) that the alleged contemnor had the ability to comply, and (4) that the order was violated. United States v. Saccoccia, 433 F.3d 19, 27 (1st Cir. 2005) (internal quotation marks and citations omitted). "For a party to be held in contempt, it must have violated a clear and unambiguous order that left no reasonable doubt as to what behavior was expected and who was expected to behave in the indicated fashion." Project BASIC v. Kemp, 947 F.2d 11, 17 (1st Cir. 1991). Because the question before the Court turns on findings of fact, the Government must prove contempt by clear and convincing evidence. Saccoccia, 433 F.3d at 27. Clear and convincing evidence is an intermediate standard between the preponderance standard and the beyond a reasonable doubt standard. United States v. Brand, 80 F.3d 560, 566 (1st Cir. 1996). Hearsay is not admissible in a contempt hearing. Ceslik v. Miller Food, Inc., No. 3:04CV2045 (AWT), 2006 WL 1582215 (D. Conn. June 5, 2006); Lindell v. Frank, No. 02-C-21-C, 2003 WL 23167276 (W.D. Wis. Dec. 31, 2003); see also Fed. R. Evid. 1101(b) (federal rules of evidence generally apply "to contempt proceedings except those in which the court may act summarily").

The Government argues that there is "no question" that it has proven by clear and convincing evidence that Brier and the corporate Defendants are in contempt of this Court's November 5, 2010, preliminary injunction. See United States' Supplement Memorandum of Law in Support of its Emergency Motion for Contempt at 2. In essence, the Government argues

3

that because Brier instructed his employees to put up a "facade" that business was proceeding like any other normal tax filing season, Brier and the corporate Defendants violated the preliminary injunction. Id. At some point after November 5, Brier testified that he told his employees to "put up a facade that all things were going forward like they should be during tax season but that no tax returns can be filed or sent or done anything with, not — one . . . ." Transcript at 35. Brier testified that he told his employees to "put up a facade" because he was attempting to sell the business and it was important to show that the business maintained an active client base. Id. at 33. The Government argues that Brier's facade of maintaining the tax return preparation business as "open to the public" was not merely an illusion but that Brier and the corporate Defendants were actually preparing tax returns in violation of this Court's order. See United States Supplemental Memorandum of Law in Support of its Emergency Motion for Contempt at 2. The evidence presented does not support that claim.

In support of its contention, the Government points to the testimony of Stone. Stone testified that on January 14, 2011, she placed a telephone call to Refunds Now and was informed by the individual who answered the telephone that Refunds Now was "open to prepare returns." Transcript at 24. Stone also testified that, in or about the end of December 2010, Refunds Now continued to solicit potential clients over the telephone. The Government also directs the Court's attention to Brier's testimony where he admitted that if an individual placed a telephone call to Refunds Now main telephone number "[p]resently" they would receive a "voicemail" message thanking them for the telephone call but informing them that Refunds Now is "unable to answer your call. Please leave a message." Transcript at 32.

As noted above, the burden is on the Government to show by clear and convincing

4

evidence that one or more of the Defendants have violated this Court's order. Although it is abundantly clear to the Court that Brier's actions as outlined above come close to violating the November 5 injunction, the Court finds that the Government has failed to present clear and convincing evidence that any Defendant has, in fact, violated this Court's order. In its supplemental memorandum, the Government points to evidence showing that Brier and Refunds Now remained "open," but it has failed to show that "remaining open," in and of itself, is a violation of this Court's order.

### III. Conclusion

The Court finds that the Government has failed to show by clear and convincing evidence that Defendants have violated this Court's November 5, 2010, preliminary injunction.

SO ORDERED.

*Mary M. Lisi* (signature)
Mary M. Lisi
Chief United States District Judge
March 15, 2011